IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKAELLA CRISTINA ALFARO,

        Plaintiff,               No. 2:12-cv-2289-GEB-JFM (PS)

    vs.

VITAL RECORDS,                <u>ORDER AND</u>

        Defendant.         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se.  Plaintiff has filed an in forma pauperis affidavit in which she states that she is presently employed and that her gross wages are $8,500.00 (she does not specify whether these wages are per week, month or year).  Plaintiff also receives $4568.00 from gifts or inheritance, $1108.00 for social security, and unspecified rent payments interest.  Plaintiff again fails to specify how often she receives these payments.  Finally, plaintiff states that she has $292,000.00 in her checking or savings account.

        Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court.  28 U.S.C. § 1914(a).  The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  28 U.S.C. § 1915(a).  The amount of plaintiff's earnings shows that plaintiff is able to pay the filing

1   fee and costs.  Thus, plaintiff has made an inadequate showing of indigency.  See Alexander v.

2   Carson Adult High Sch., 9 F.3d 1448 (9th Cir. 1993); California Men's Colony v. Rowland, 939

3   F.2d 854, 858 (9th Cir. 1991); Stehouwer v. Hennessey, 841 F. Supp. 316, (N.D. Cal. 1994).

4           The federal in forma pauperis statute authorizes federal courts to dismiss a case if

5   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

6   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

7   § 1915(e)(2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in

9   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

10   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.

12   Neitzke, 490 U.S. at 327.

13           A complaint, or portion thereof, should only be dismissed for failure to state a

14   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

15   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

16   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

17   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

18   complaint under this standard, the court must accept as true the allegations of the complaint in

19   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

20   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

21   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22           In the operative complaint filed in this action, plaintiff seeks to change the middle

23   name of her children so that they do not have the same name or middle name as plaintiff's sister

24   or her grandfather.  There is no federal claim on these facts.  Because amendment would be

25   futile, the court will recommend that this action be dismissed without leave to amend.

26   /////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in

2  forma pauperis is denied; and

3    IT IS HEREBY RECOMMENDED that this action be dismissed.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9  within the specified time may waive the right to appeal the District Court's order.  Turner v.

10  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: September 26, 2012.

12

13

14                       UNITED STATES MAGISTRATE JUDGE

15  alfa2289.ifp.den

16

17

18

19

20

21

22

23

24

25

26